# EXHIBIT B


ELECTRONICALLY FILED
4/8/2011 1:01 PM
CV-2010-901507.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
FLORENCE CAUTHEN, CLERK

## IN THE CIRCUIT COURT
## FOR MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| WILLIAM M. HENDERSON; | § | |
| | § | |
| Plaintiff; | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.: CV-2010-901507 |
| | § | |
| GOODYEAR DUNLOP TIRES NORTH | § | |
| AMERICA, LTD.; THE GOODYEAR | § | |
| TIRE AND RUBBER COMPANY; | § | |
| HARLEY DAVIDSON MOTOR | § | |
| COMPANY GROUP, LLC; HARLEY- | § | |
| DAVIDSON MOTOR COMPANY, INC.; | § | |
| HARLEY-DAVIDSON OF | § | |
| MONTGOMERY, INC.; et al.; | § | |
| | § | |
| Defendants. | § | |
| | § | |

### PLAINTIFF'S RESPONSES TO HARLEY-DAVIDSON MOTOR
### COMPANY GROUP, LLC'S FIRST SET OF INTERROGATORIES

COMES NOW the Plaintiff, William M. Henderson, and pursuant to *Alabama Rules of Civil Procedure* responds to Defendant, Harley-Davidson Motor Company Group, LLC's First Set of Interrogatories as follows:

### GENERAL RESPONSE

Plaintiff has not completed discovery, investigation or preparation for trial, including the investigatory process of competent witnesses. Accordingly, his responses herein are complete to the extent possible based on information reasonably available at this time. Plaintiff retains the right to supplement or modify his responses based on the discovery of additional or different information, and will provide answers to

whether you were given any documents such as an invoice, receipt, owner's manual, owner's package, and/or any other writings at the time of purchase.

**RESPONSE:** **Plaintiff objects to this Interrogatory on the grounds that it seeks information that is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, Plaintiff would state that he purchased the motorcycle on or about January 8, 2009, from James Wiggins and paid $14,000.00 for the motorcycle. I received the owner's manual for the Subject Motorcycle, various purchase documents, including a bill of sale, as well as the maintenance records from Mr. Wiggins' ownership of the Subject Motorcycle, at the time of purchase. All of these documents were stored inside the motorcycle at the time of the accident and only the owner's manual was recovered from the accident scene.**

22.    With regard to the Subject Tire, please describe how you came to purchase it, including but not limited to, the date of purchase, the price paid, and whether you were given any documents such as an invoice, receipt, owner's manual, owner's package, and/or any other writings at the time of purchase.

**RESPONSE:** **It is my belief that the subject tire was on the subject motorcycle when I purchased it.**

23.    If you ever provided notice of an alleged breach of warranty to Harley-Davidson, a Harley-Davidson dealer, or any other entity, please describe such notice including, but not limited to, the entity/ies notified, a description of the manner and method of such notice(s), the date of such notice(s), the person(s) notified, and the result(s) of such notification(s).

26.     Identify every communication between you or anyone acting on your behalf and Harley-Davidson, any Harley-Davidson dealer, and/or any repair or service shop regarding the Subject Motorcycle, describing the substance and parties to each such communication.

**RESPONSE:**     **Plaintiff objects to this Interrogatory on the grounds that it is vague, ambiguous, and overly broad. Plaintiff further objects to this Interrogatory on the grounds that it seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine. Without waiving said objections, Plaintiff had the 20,000 service performed on the subject motorcycle at Big Swamp Harley-Davidson and discussed the service needs with those employed at Big Swamp.**

27.     Have you ever attempted to sell the Subject Motorcycle? If so, identify the dates, asking price, agents or brokers assisting you, and any listings or offers for the motorcycle.

**RESPONSE:**     **Plaintiff objects to this Request on the grounds that it seeks information that is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, Plaintiff states that he has never made any attempt to sell the Subject Motorcycle since the date he purchased it.**

28.     State whether Plaintiffs expect to call any expert witness at the trial of this case and, if so, state the name and address of each such expert, the education, experience and qualifications of each such expert, the subject matter upon which each