

ELECTRONICALLY FILED
1/3/2011 10:54 AM
CV-2010-901507.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

IN THE CIRCUIT COURT
FOR MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| WILLIAM M. HENDERSON;<br><br>Plaintiff;<br><br>vs.<br><br>GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD.; THE GOODYEAR TIRE AND RUBBER COMPANY; HARLEY DAVIDSON MOTOR COMPANY GROUP, LLC; HARLEY-DAVIDSON MOTOR COMPANY, INC.; HARLEY-DAVIDSON OF MONTGOMERY, INC.; et al.;<br><br>Defendants. | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO.: CV-2010-901507<br><br><br><br>PLAINTIFF REQUESTS TRIAL BY JURY |

## FIRST AMENDED COMPLAINT

The Plaintiff hereby files this First Amended Complaint solely for the purpose of clarifying the service of process addresses listed below and to clarify the Harley-Davidson Defendants' identities. The Complaint is hereby restated in its entirety below:

IN THE CIRCUIT COURT
FOR MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| WILLIAM M. HENDERSON;<br><br>Plaintiff;<br><br>vs.<br><br>GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD.; THE GOODYEAR TIRE AND RUBBER COMPANY; HARLEY DAVIDSON MOTOR COMPANY GROUP, LLC; HARLEY- | § § § § § § § § § § § § § | CIVIL ACTION NO.: CV-2010-901507<br><br><br><br>PLAINTIFF REQUESTS TRIAL BY JURY |

DAVIDSON MOTOR COMPANY, INC.; §
HARLEY-DAVIDSON OF §
MONTGOMERY, INC.; Fictitious Party §
"A", whose identity is presently §
unknown to the Plaintiff, who is an §
entity, an individual or corporation §
responsible for the design, §
manufacture, testing or placing into §
service or marketing the §
Goodyear/Dunlop tire, which is the §
subject of this litigation, Fictitious §
Party "B", whose identity is unknown §
to the Plaintiff at this time, being that §
individual, entity or corporation §
responsible for the design, §
manufacture, testing of any §
component part of the subject line of §
Goodyear/Dunlop tires inclusive of the §
subject tire, Fictitious Party "C", §
whose identity is unknown to Plaintiff §
at this time, being that individual, §
entity or corporation responsible for §
the design, manufacture, testing or §
marketing of the motorcycle, which is §
the subject of this litigation, Fictitious §
Party "D", whose identity is unknown §
to the Plaintiff at this time, being that §
individual, entity or corporation §
responsible for the design, §
manufacture, testing or marketing of §
any component part of the subject tire §
or tire line, Fictitious Party "E", whose §
identity is unknown to the Plaintiffs at §
this time, being that individual, entity §
or corporation responsible for §
designing, manufacturing, testing, §
marketing and/or selling any failing §
component part of the subject §
motorcycle; §
 §
Defendants. §
 §
 §
 §
 §

# COMPLAINT

## STATEMENT OF THE PARTIES

1. Plaintiff, William M. Henderson, is a citizen and resident of Montgomery County, Alabama, living at █████████████, Montgomery, Alabama 36107. Plaintiff Henderson is over the age of 19 years.

2. Defendant, Goodyear Dunlop Tires North America, Ltd. ("Dunlop"), is a foreign corporation organized and existing according to the laws of the State of Ohio. Defendant Dunlop is engaged in the business of manufacturing, distributing, marketing and selling tires, including motorcycle tires, across the United States, including in Montgomery County, Alabama, and in the State of Alabama at large through its agents. Defendant Dunlop is registered to do business in the State of Alabama and its registered agent is CSC Lawyers Incorporating SVC, Inc., 150 South Perry Street, Montgomery, Alabama 36104. The principal address for Defendant Dunlop is 1144 East Market Street, Akron, Ohio 44316-0001.

3. Defendant, The Goodyear Tire and Rubber Company ("Goodyear"), was at all time mentioned herein, the parent company of Defendant Dunlop, the manufacturer of the subject tire in this case, and was a corporation organized and existing according to the laws of the State of Ohio and was authorized to do business in the State of Alabama. Defendant Goodyear is a foreign corporation doing business in Montgomery County, Alabama, and in the State of Alabama at large through its agents. Defendant Goodyear is engaged in the business of manufacturing, distributing, marketing, and selling tires, including motorcycle tires, across the United States, including in the State of Alabama. Defendant Goodyear exercised the requisite degree

3

of control over Defendant Dunlop such that Defendant Goodyear is liable for the acts and/or omission of Defendant Dunlop as stated herein. Defendant Goodyear is registered to do business in the State of Alabama and its registered agent is CSC Lawyers Incorporating SVC, Inc., 150 South Perry Street, Montgomery, Alabama 36104. The principal address for Defendant Dunlop is 1144 East Market Street, Akron, Ohio 44316-0001.

4. Defendants, Harley-Davidson Motor Company Group, LLC, and Harley-Davidson Motor Company, Inc. ("Harley"), are foreign corporations or limited liability companies organized under the laws of the state of Wisconsin. They are engaged in the business of manufacturing, distributing, marketing, selling and/or servicing motorcycles, motorcycle parts, motorcycle tires, and accessories, across the United States, including in the state of Alabama. Defendant, Harley-Davidson Motor Company, Inc., is registered to do business in the State of Alabama and its registered agent is CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104. The principal address for both Harley Defendants is 3700 West Juneau Avenue, Milwaukee, Wisconsin 53208.

5. Defendant, Harley-Davidson of Montgomery, Inc. ("Harley Montgomery"), is a domestic corporation incorporated under the laws of the state of Alabama. It is qualified to do business in the state of Alabama and its registered agent is Timothy A. Russom, 655 North Eastern Boulevard, Montgomery, Alabama 36117. Its principle place of business is 655 North Eastern Boulevard, Montgomery, Alabama 3617. Defendant, Harley Montgomery, is engaged in the business of distributing, marketing,

selling and/or servicing motorcycles, including motorcycle tires, in Montgomery County, Alabama, and sold the subject tire to the Plaintiff, William M. Henderson.

## STATEMENT OF FACTS

6. On July 18, 2010, at approximately 2:55 p.m., Plaintiff, William M. Henderson, was operating a 2001 Harley-Davidson, Screaming Eagle FLTRSEI², motorcycle, VIN # 1HD1PCC151Y952435, northbound on Interstate 85, in Chambers County, Alabama, between County Road 177 and County Road 388, when the rear tire of the 2001 Harley-Davidson Screaming Eagle motorcycle suddenly and catastrophically failed.

7. At the time and location described above, the Harley-Davidson Screaming Eagle motorcycle being operated by William M. Henderson went out of control and wrecked, ejecting Plaintiff Henderson.

8. The rear tire of the 2001 Harley-Davidson Screaming Eagle FLTRSEI² motorcycle identified above (hereinafter referred to as the "subject motorcycle") was a Dunlop D402F Harley-Davidson, MT90B16 M/C 72H, DOT # DATR M17M 3604, built at Defendants Goodyear and Dunlop's manufacturing plant in Buffalo, New York, during the 36th week of the year 2004, (hereinafter referred to as the "subject tire").

9. The subject tire is a bias belted construction, with a 3-ply polyester carcass and 2 fiberglass belts. The subject tire was sold by Defendant, Harley Montgomery, to the Plaintiff as a replacement tire. The subject tire is the manufacturer's recommended size for the rear of the 2001 Harley-Davidson Screaming Eagle FLTRSEI² motorcycle identified above and was well within its tread life at the time of its failure.

10. The Defendants also failed to provide adequate warnings or instructions to the public, including William M. Henderson, about the motorcycle and tire, and the propensity of the tire to experience a sudden and catastrophic failure resulting in the loss of motorcycle control and serious bodily injury and/or death.

11. William M. Henderson was the driver of the Harley-Davidson Motorcycle at the time of the wreck. He suffered serious and permanent personal physical injuries, mental anguish, pain and suffering during and following the accident. Plaintiff Henderson suffered a fracture of his back at T4 and T5. He also sustained a concussion and broke 5 or 6 ribs. Plaintiff Henderson suffered bodily injury, was bruised and sore all over his body; he incurred medical expenses and will incur medical expenses in the future; he suffered physical pain and will continue to do so in the future; he suffered mental anguish and will continue to do so in the future; he has lost wages and his ability to earn an income has been diminished; he is permanently injured and he has lost enjoyment of life and has been unable to continue his daily activities; and he has been otherwise injured and damaged.

12. The subject Dunlop D402F Harley-Davidson, MT90B16 M/C 72H, DOT # DATR M17M 3604, tire was designed, engineered, inspected, manufactured, marketed, distributed and sold by Defendants, Goodyear, Dunlop and fictitious defendants. The identifying information on the defective tire is in part "Dunlop D402F Harley-Davidson, MT90B16 M/C 72H, DOT # DATR M17M 3604". On information and belief, the subject tire was manufactured at Defendants Goodyear and Dunlop's manufacturing plant in Buffalo, New York, during the 36th week of the year 2004. The tire had good tread depth at the time of the failure. The subject tire, which is the subject matter of this

lawsuit, is defective in one or more of the following respects: (a) improper design of the tire from a handling, durability and stability standpoint; (b) the tire and tire line was improperly designed and manufactured creating an unreasonable and dangerous propensity to fail under normal and foreseeable circumstances; (c) failure to provide a reasonable and adequate warning to suppliers and users of the tire about the tire's propensity to fail; (d) marketing the tire in such a way as to mislead consumers as to the safety, stability, and maneuverability and road worthiness of the tires; (e) improper and inadequate testing of the tire and its components; (f) hiding from the public the true nature of the tire and its propensity to fail and cause a driver to lose control and be involved in potentially fatal accidents; (g) failing to properly train its employees in the proper inspection, manufacturing, and servicing of the tires; (h) failing to design the subject tire and tire line in a manner so as not to suffer a tread separation under normal driving conditions and foreseeable service of the subject vehicle; (i) failing to properly monitor detreading causes in its tires and warn the public of dangerous propensities; (j) failing to conduct proper testing of the subject tire and tire design and/or its components to determine strength, durability, load range or otherwise determine suitability of the tire for the service requirements of the vehicle which is the subject of this accident; (k) failing to manufacture the tire in accordance with its specifications; and failing to utilize sufficient antidegradants and antiozonants in the design to avoid premature degradation from age and use in service; (l) manufacturing the tire in such a way as to mislead motorcycle drivers into a belief that the tire was of standard and good quality after appearing to operate normally for many miles; and (m) failure to provide a reasonable

and adequate warning to suppliers and users of the tire about the tire's propensity to fail under certain load conditions.

13. This accident, and the resulting injuries to Plaintiff Henderson, was directly and/or proximately caused by the failure of the defective tire mounted on the rear of the motorcycle when the tread separation occurred during service on the subject vehicle. The tire appeared to operate normally, misleading Defendant Henderson into a belief that the tire was of standard and good quality. But a defect in the bead seat area of the tire would, and did, eventually allow excessive leakage of air, leading to a sudden and catastrophic deflation during intended, anticipated and foreseeable circumstances of operation which could, and did, result in a loss of vehicle control and serious bodily injury. At the time of the sudden deflation, the subject tire was in substantially the same condition as when it was designed, manufactured and sold by the Defendants. In other words, other than foreseeable use and wear, Plaintiff Henderson had not modified or altered the tire in an unforeseeable manner.

## COUNT ONE -- AEMLD

14. Plaintiff adopts and incorporates by reference all prior paragraphs of the Complaint as if set out here in full.

15. Defendants, Goodyear, Dunlop and the fictitious defendants, at all times relevant to this action, were engaged in the business of manufacturing, assembling, and distributing Dunlop D402F Harley-Davidson, MT90B16 M/C 72H, motorcycle tires for use in Alabama and elsewhere by ordinary consumers, and did manufacture and distribute the subject Dunlop D402F Harley-Davidson, MT90B16 M/C 72H, tire which was on the rear of the motorcycle driven by William M. Henderson at the time of the

subject accident, and did disseminate information, advertisements, and promotions for the Dunlop D402F Harley-Davidson, MT90B16 M/C 72H, motorcycle tires in Alabama.

16. Defendants Harley and the fictitious defendants, at all times relevant to this action, were engaged in the business of manufacturing, assembling distributing, marketing, selling and/or servicing motorcycles, motorcycle parts, motorcycle accessories, including motorcycle tires, in Montgomery County, Alabama. As the motorcycle manufacturer, it had ultimate control over the design, specification, testing and approval process for installing as a component part of the vehicle, the subject Dunlop D402F Harley-Davidson tire line and the subject Dunlop D402F Harley-Davidson, MT90B16 M/C 72H, motorcycle tire, which is the subject matter of this litigation on said motorcycle driven by William M. Henderson at the time of the accident. The subject tire was not a proper fit for the vehicle given its gross weight and load capacity and lack of strength and durability of the tire design. The motorcycle manufacturer approved as original equipment and/or as a replacement a tire not adequate in its design to safely perform under normal and expected operating conditions for the subject vehicle. Thus, the vehicle equipped with this component tire was unreasonably dangerous to operate. Defendants Harley knew or should have known of the defect and failed to warn the public or recall its vehicles equipped with the subject tires.

17. The Defendant, Harley Montgomery, sold the 2001 Harley-Davidson Screaming Eagle FLTRSEI$^2$ motorcycle identified above, and the subject tire identified as a Dunlop D402F Harley-Davidson, MT90B16 M/C 72H, DOT # DATR M17M 3604.

18. Defendants directed or controlled the acts and/or omissions of fictitious defendants in the design and manufacture of the subject tire. Defendants, Goodyear, Dunlop, Harley, and the fictitious defendants, participated in the design, development, testing, manufacturing and/or distribution of the subject tire. Additionally, Defendants, Goodyear and Dunlop, directed or should have directed the quality control policies, practices and procedures of fictitious defendants.

19. Plaintiff avers that the subject Dunlop D402F Harley-Davidson tire and the subject motorcycle were expected to, and did, reach the consumer without substantial change from its condition at the time and place it left the control of the Defendants.

20. Plaintiff avers that the subject Dunlop D402F Harley-Davidson tire and the subject motorcycle were defectively designed, manufactured, and assembled resulting in failure during reasonable, foreseeable and ordinary use. The subject tire was a failing component of the subject vehicle at the time of the accident.

21. The subject Dunlop D402F Harley-Davidson tire and the subject motorcycle were defective at the time it left the control of the Defendants, and these defects rendered the tire and subject motorcycle unreasonably dangerous when used as it was intended to be used by consumers, including William M. Henderson.

22. The defective condition of the subject Dunlop D402F Harley-Davidson tire and the subject motorcycle has been known by Defendants or should have been known by Defendants prior to the sale and distribution of the subject tire to the consumer. Defendants failed to warn of or correct the defective condition. Alternatively, the Defendants knew, should have known or did discover the defects in the subject tire and vehicle after placing same into production and into the stream of commerce and failed to

timely warn the consumers, including Plaintiff Henderson, and/or failed to timely recall the defective products.

23. The unreasonably dangerous defects which existed in the Dunlop D402F Harley-Davidson tire and the subject motorcycle, proximately caused the accident and injuries and damages to Plaintiff Henderson as stated herein above.

WHEREFORE, Plaintiff demands judgment against the Defendants, including the fictitious defendants, in such an amount as the jury may award for compensatory and punitive damages, plus the cost of this action.

## COUNT TWO – NEGLIGENCE

24. Plaintiff adopts and incorporates by reference all prior paragraphs of the Complaint as if set out here in full.

25. Defendants, Goodyear, Dunlop, Harley and fictitious defendants, negligently and/or wantonly designed, manufactured, inspected, tested and distributed the subject Dunlop D402F Harley-Davidson tire that was mounted on the rear of the subject motorcycle driven by William M. Henderson on July 18, 2010.

26. Defendants, Goodyear, Dunlop, Harley, and fictitious defendants, negligently and/or wantonly warranted that the tire was fit for ordinary use by consumers, such as William M. Henderson; that the manufacturing process resulted in a tire safe for ordinary use; and that this tire was not defective.

27. Defendants, Goodyear, Dunlop, Harley, and fictitious defendants, negligently and/or wantonly failed to correct or warn of the defective condition of the tire, after it became known, or reasonably should have been known by the Defendants.

28. As a proximate result of the Defendants' negligent conduct, Plaintiff Henderson suffered injuries and damages, including personal physical injury, mental pain, suffering, physical pain and mental anguish as a proximate result of all of the Defendants' wrongful conduct.

WHEREFORE, Plaintiff demands judgment against the Defendants, including the fictitious defendants, in such an amount as the jury may award for compensatory and punitive damages, plus the cost of this action.

## COUNT THREE — WARRANTY CLAIM

29. Plaintiff adopts and incorporates by reference all prior paragraphs of the Complaint as if set out here in full.

30. Defendants, Goodyear, Dunlop, Harley, and fictitious defendants, are sellers as such term is defined under Section 7-2-103 of the *Alabama Code (1993)*, of consumer rubber products including, but not limited to, motorcycle tires or of the subject motorcycle.

31. Defendants, Goodyear, Dunlop, Harley and fictitious defendants, did distribute and sell Dunlop D402F Harley-Davidson motorcycle tires and the subject motorcycle. The subject tire and subject motorcycle made the basis of this action were subsequently sold, without modification, to a user or consumer for usage on the subject vehicle.

32. Defendants, Goodyear, Dunlop, Harley, and fictitious defendants, warranted that the Dunlop D402F Harley-Davidson motorcycle tire and the subject motorcycle were reasonably fit and suitable for the purpose for which they were intended to be used. Plaintiff avers that these Defendants breached said warranty in

that at the time the tire was manufactured, assembled and sold, it was in a dangerously defective and unsafe condition.

33. On July 18, 2010, the Dunlop D402F Harley-Davidson tire made the basis of this action was in use having been mounted on the rear wheel of the subject motorcycle. Plaintiff, William M. Henderson, was operating a 2001 Harley-Davidson, Screaming Eagle FLTRSEI², motorcycle, VIN # 1HD1PCC151Y952435, northbound on Interstate 85, in Chambers County, Alabama, between County Road 177 and County Road 388, when the rear tire of the 2001 Harley-Davidson Screaming Eagle motorcycle suddenly and catastrophically deflated.

34. This accident, which injured and damaged Plaintiff Henderson, was proximately and directly related to Defendants' breach of their implied warranty of fitness and suitability for the product's intended use.

WHEREFORE, Plaintiff demands judgment against the Defendants, including the fictitious defendants, in such an amount as the jury may award for compensatory and punitive damages, plus the cost of this action.

## COUNT FOUR -- WANTONESS

35. Plaintiff adopts and incorporates by reference all prior paragraphs of the Complaint as if set out here in full.

36. Defendants', Goodyear's, Dunlop's, Harley's, and the fictitious defendants', conduct was conduct carried on with a reckless or conscious disregard of the rights or safety of others. Said conduct proximately caused the accident, injuries and damages to the Plaintiff, including personal physical injury, mental pain, suffering, physical pain and mental anguish, medical bills and expenses.

WHEREFORE, Plaintiff demands judgment against the Defendants, including the fictitious defendants, in such an amount as the jury may award for compensatory and punitive damages, plus the cost of this action.

## COUNT FIVE — NEGLIGENCE

37. Plaintiff adopts and incorporates by reference all prior paragraphs of the Complaint as if set out here in full.

38. Defendant, Harley Montgomery, placed the subject motorcycle into the stream of commerce and negligently failed to inspect the subject motorcycle for safety and negligently failed to prepare the subject motorcycle for sale.

39. Defendant, Harley Montgomery, negligently failed to inspect the subject tire for safety prior to the sale of the subject tire to Plaintiff, William M. Henderson.

40. Defendant, Harley Montgomery, had a duty to inspect, prepare, and service the motorcycle prior to delivery of the subject motorcycle.

41. Defendant, Harley Montgomery, had a duty to inspect and prepare the subject tire prior to delivery of the subject tire to Plaintiff, William M. Henderson.

42. Defendant, Harley Montgomery, breached their duty to use reasonable care in inspecting, preparing and servicing the subject motorcycle and subject tire.

43. As a result of said breach, Defendant, Harley Montgomery, failed to discover the defective condition of the subject tire and motorcycle at the time of delivery of the subject motorcycle and, at the time of delivery of the subject tire to Plaintiff, William M. Henderson. Defendants negligently failed to correct or warn of the defective condition of the tire, after it became known, or reasonably should have been known, by the Defendant, Harley Montgomery.

44. As a proximate result of the Defendant Harley Montgomery's negligent conduct, the Plaintiff suffered injuries and damages, including personal physical injury, mental pain, suffering, physical pain and mental anguish, medical bills and expenses.

WHEREFORE, Plaintiff demands judgment against the Defendant, Harley Montgomery, in such an amount as the jury may award for compensatory and punitive damages, plus the cost of this action.

//s//Jere L. Beasley
JERE L. BEASLEY (BEA020)


//s//Richard D. Morrison
RICHARD D. MORRISON (MOR073)
Attorney for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW, METHVIN,
  PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, Alabama 36104
(334) 269-2343
(334) 954-7555 - Facsimile

### JURY DEMAND

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

//s//Richard D. Morrison
OF COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing using the AlaFile e-file system which will provide copies to all attorneys of record this the 30th day of December, 2010.

//s//Richard D. Morrison
OF COUNSEL

**Please serve the Defendants who have not yet made an appearance in this matter with the Summons and First Amended Complaint in this matter, via certified mail, at the addresses listed below:**

Harley Davidson Motor Company, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

Harley Davidson Motor Company Group, LLC
3700 West Juneau Avenue
Milwaukee, Wisconsin 53208