IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM M. HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:11-CV-295-WKW [WO] |
| | ) | |
| GOODYEAR DUNLOP TIRES | ) | |
| NORTH AMERICA, LTD., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff William M. Henderson filed this lawsuit in the Circuit Court of
Montgomery County, Alabama, against Defendants Goodyear Dunlop Tires North
America, Ltd. ("GDTNA"), The Goodyear Tire and Rubber Company ("GTRC"),
Harley-Davidson Motor Company Group, LLC ("HDMCG"), Harley-Davidson Motor
Company, Inc. ("HDMC"), and Harley-Davidson of Montgomery, Inc. ("HD
Montgomery") (collectively referred to in the First Amended Complaint (Doc. # 2,
Attach. 16) as "Defendants"), alleging five causes of action based upon theories of:
the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") (Count I);
negligence (Counts II and V); breach of warranty (Count III); and wantonness (Count
IV).  (First Am. Compl. ¶¶ 14-44.)  As alleged, Plaintiff was riding his Harley-
Davidson when the rear tire suddenly and catastrophically failed, causing Plaintiff to

lose control of the motorcycle and sustain injuries.  Defendants removed the case to this court, pursuant to 28 U.S.C. §§ 1332, 1441,  and 1446, contending that HD Montgomery, the sole non-diverse defendant, was "fraudulently joined in this action in an attempt to avoid federal diversity jurisdiction."  (Not. of Removal ¶ 6 (Doc. # 2).)  Plaintiff filed a Motion to Remand (Doc. # 9) and a Motion for Leave to Amend Complaint (Doc. # 11).  Having considered the parties' briefs and the relevant law, Plaintiff's motion to remand is due to be denied, and Plaintiff's motion for leave to amend is due to be denied with leave to re-file.

## I.  STANDARD OF REVIEW

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).  Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear.   "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.  "In evaluating a motion to remand, the removing party bears the burden of demonstrating federal jurisdiction."

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 n.4 (11th Cir. 1998) (citing *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998)).

Even if "on the face of the pleadings, there is a lack of complete diversity, an action may nevertheless be removable if the joinder of the non-diverse party . . . [was] fraudulent." *Triggs*, 154 F.3d at 1287 (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996)). "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Id.* The courts have recognized three situations in which joinder may be deemed fraudulent: (1) when there is no reasonable possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant; (2) when there is outright fraud in the plaintiff's pleading of jurisdictional facts; and (3) when there is no real connection to the claim and the resident (non-diverse) defendant. *Id.*; *see also Legg v. Wyeth*, 428 F.3d 1317, 1325 (11th Cir. 2005).

As to the first type of fraudulent joinder, the only type at issue here, "[t]he plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a [*reasonable*] *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287; *see also Legg* 428 F.3d at 1325 n.5 (stating that the "potential for legal liability must be reasonable, not merely theoretical") (internal quotation marks omitted).

"The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Legg*, 428 F.3d at 1322 (quoting *Pacheco de Perez*, 139 F.3d at 1380). "The proceeding appropriate 'for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under [Federal Rule of Civil Procedure 56]." *Id.* at 1322-23 (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). Accordingly, all contested issues of substantive fact and any uncertainties as to the current state of the law must be resolved in the plaintiff's favor. *See id.* at 1323; *see also Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that he was riding his Harley-Davidson Screaming Eagle motorcycle on Interstate 85 when the motorcycle's rear tire suddenly and catastrophically failed, causing Plaintiff to lose control, crash, and suffer serious injuries. (First Am. Compl. ¶ 6.)

The First Amended Complaint, filed in state court, alleges that the rear tire ("the subject tire") was defective for a number of reasons, but specifically that it had

4

a "propensity . . . to experience a sudden and catastrophic failure resulting in the loss of motorcycle control and serious bodily injury and/or death."  (First Am. Compl. ¶¶ 10, 12.)  Plaintiff pointedly identifies "the subject tire . . . [as] the subject matter of this lawsuit[.]"  (First Am. Compl. ¶ 12.)

As to Defendant HD Montgomery, Plaintiff alleges in Count I – the AEMLD claim – that "[HD Montgomery] sold the . . . motorcycle identified above, and the subject tire . . . ."  (First Am. Compl. ¶ 17.)  Although Plaintiff alleges that both "the subject . . . tire and the subject motorcycle were defectively designed, manufactured, and assembled[,]" Plaintiff identifies only the subject tire as a "failing component of the subject vehicle at the time of the accident."  (First Am. Compl. ¶ 20.)  Throughout the entire First Amended Complaint, the only part of the motorcycle identified as defective is the subject tire.  Count V – a negligence count against HD Montgomery – states that "[HD Montgomery] placed the subject motorcycle into the stream of commerce and negligently failed to inspect the subject motorcycle . . . and the subject tire for safety."  (First Am. Compl. ¶¶ 38, 39.)  Plaintiff alleges that "[HD Montgomery] breached their [sic] duty to use reasonable care in inspecting, preparing and servicing the subject motorcycle and subject tire."  (First Am. Compl. ¶ 42.)

In response to HDMCG's First Set of Interrogatories (Doc. # 2, Ex. B), Plaintiff states that he purchased the motorcycle from a Mr. James Wiggins on or about

5

January 8, 2009.  (Doc. # 2, Ex. B, at 3.)  Plaintiff further states that "[i]t [was] [his]

belief that the subject tire was on the subject motorcycle when [he] purchased it."

(Doc. # 2, Ex. B, at 3.)  Finally, Plaintiff states that he serviced the subject motorcycle

at Big Swamp Harley-Davidson and discussed the service needs with those employed

at Big Swamp Harley Davidson.  (Doc. # 2, Ex. B, at 4.)

Defendants identify these responses, and specifically Plaintiff's response that

the subject tire was on the motorcycle at the time he purchased it, as the "other paper"

on which this § 1446(b) paragraph two removal is based.[1]  Defendants also submit the

affidavit of Mr. Wiggins (Doc. # 2, Ex. C), in which he states that since he purchased

the motorcycle in 2001 from HD Montgomery, he has had the rear tire replaced twice.

(Wiggins Aff. ¶¶ 3,4.)  "The first occasion was shortly after [he] bought the

motorcycle and [he] purchased that tire at [HD Montgomery].  [He] replaced that rear

tire with a tire that [he] bought at Dyna Cycle in Millbrook, Alabama.  The rear tire

that was on the motorcycle when [he] sold it to Mr. Henderson was not purchased at

[HD Montgomery]."  (Wiggins Aff. ¶ 4.)  This evidence plainly contradicts the

allegations of paragraphs 9 and 39 of the First Amended Complaint, and is unrefuted

in the record.

---

[1]  Plaintiff has waived any argument that the removal is procedurally defective.

Based on Plaintiff's interrogatory response and Mr. Wiggins's affidavit, Defendants argue that "there is no reasonable possibility that [P]laintiff can prove a cause of action against HD Montgomery on [P]laintiff's claims." (Not. of Removal 7.) As Defendants point out, "HD Montgomery did not sell the alleged defective tire to [P]laintiff. [HD Montgomery] did not sell the alleged defective tire to the previous owner of the motorcycle. [HD Montgomery] was not in the distribution chain for the alleged defective tire at all . . . . In addition, the service performed on the motorcycle was performed at Big Swamp Harley Davidson, not at HD Montgomery." (Not. of Removal 8.)

## III. DISCUSSION

The court must determine whether there is any reasonable possibility that a state court would determine that any one of Plaintiff's alleged theories of recovery states a viable cause of action against HD Montgomery, the only non-diverse defendant.

**A.** **Plaintiff's First Amended Complaint Contains Insufficient Factual Allegations to Support a Theory of Recovery against HD Montgomery**

As stated above, "[t]he proceeding appropriate 'for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under [Federal Rule of Civil Procedure 56]." *Legg*, 428 F.3d at 1322-23 (quoting *Crowe*, 113 F.3d at 1538). In light of Plaintiff's interrogatory response and Mr.

Wiggins's affidavit, it is undisputed that HD Montgomery was not part of the stream of commerce regarding the subject tire at any point.

Nevertheless, Plaintiff argues that because he has "alleged that the subject Harley-Davidson motorcycle is defective, . . . Defendants' fraudulent joinder argument fails."  (Mot. to Remand 2.)  It is true that Plaintiff alleged in the First Amended Complaint that the motorcycle itself was defective.  (First Am. Compl. ¶¶ 19-21, 43.)  However, a thorough reading of Plaintiff's First Amended Complaint reveals that the allegation that the motorcycle itself was defective is wholly dependent on the allegation that the subject tire, as a component of the subject motorcycle, was defective.  In other words, there is no factual support in the First Amended Complaint that the motorcycle itself was defective for any other reason than the subject tire. (First Am. Compl. ¶ 12 (stating that "the subject tire . . . [is] the subject matter of this lawsuit").)

On this record, there is no reasonable possibility that Plaintiff can state a viable cause of action against HD Montgomery based upon the subject tire alone.  Although the court "must resolve all questions of fact . . . in favor of the plaintiff[,] . . . there must be some question of fact before the district court can resolve [a] fact in the plaintiff's favor."  *Legg*, 428 F.3d at 1323 (internal quotation marks and citation omitted).  Importantly, Plaintiff does not dispute Mr. Wiggins's affidavit that he did

not purchase the subject tire from HD Montgomery.   "With no response from [Plaintiff], there [is] no question of fact for the court to resolve."  *Id.*

Nor is there any reasonable possibility that Plaintiff can state a viable cause of action against HD Montgomery on the supposedly "existing" claim that the motorcycle was defective for a reason other than the subject tire.  *See Bryant v. W. Ala. Health Servs., Inc.*, 669 So. 2d 941, 945 (Ala. Civ. App. 1995) ("[A] pleading must give the defendant fair notice of the claim which he is called to defend and the grounds upon which the claim rests.") (collecting cases).  Assuming that Plaintiff intended to state a cause of action that the motorcycle itself was defective for a reason other than the subject tire, Plaintiff's failure to allege any facts revealing what else on the motorcycle is defective renders the First Amended Complaint insufficient under Alabama Rule of Civil Procedure 8(a), and there is no reasonable possibility that an Alabama court would find a viable claim against HD Montgomery on some other alleged defect of the motorcycle that is not found anywhere in the First Amended Complaint.

Because the First Amended Complaint states no viable theory of recovery against HD Montgomery, HD Montgomery is fraudulently joined, its citizenship is due to be ignored and Plaintiff's motion to remand is due to be denied.

**B.**   **Plaintiff May Not Amend Away Jurisdiction**

In an apparent concession to the conclusions above, Plaintiff seeks leave to amend the complaint in order to state a viable cause of action against HD Montgomery, and then asks the court to consider Plaintiff's motion to remand based on the resulting complaint.  (Mot. to Remand 8; Mot. for Leave to Amend.)  "Plaintiff seeks leave to set forth that the Harley-Davidson motorcycle was defectively designed, manufactured, and placed into the stream of commerce by the Harley Defendants because it was designed, manufactured and sold without a tire pressure monitoring system."  (Mot. for Leave to Amend.)

While Plaintiff's newest theory of the case appears to be inconsistent with the theory of the case pre-removal,[2] the law is clear that "[t]he determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal . . . ."  *Legg*, 428 F.3d at 1322 (quoting *Pacheco de Perez*, 139 F.3d at 1380); *see also Poore v. American-Amicable Life Ins. Co.*, 218 F.3d

---

[2]  Plaintiff's original theory of the case was that the subject tire "suddenly and catastrophically failed," (First Am. Compl. ¶ 6), not that the tire was under or over-pressurized. A claim of defect for the non-existence of a tire pressure monitoring system is distinct from a claim that the tire suddenly and catastrophically failed.  In determining whether to permit a post-removal amendment which would add an additional party who would destroy diversity, pursuant to 28 U.S.C. § 1447(e), one factor the courts consider is "the extent to which the purpose of the amendment is to defeat federal jurisdiction[.]"  *Sexton v. G & K Servs., Inc.*, 51 F. Supp. 2d 1311, 1312 (M.D. Ala. 1999) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).  Borrowing that test from the § 1447(e) context, the purpose of Plaintiff's new theory of recovery appears to be intended to defeat federal jurisdiction.

1287, 1290 (11th Cir. 2000) (stating that § 1447(c) generally "prohibits courts from relying on post-removal events in examining subject matter jurisdiction"), *overruled in part on other grounds by Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 641 (11th Cir. 2007).  The Fifth Circuit explained the rationale of this rule:

> Without such a rule, disposition of the issue would never be final, but would instead have to be revisited every time the plaintiff sought to amend the complaint to assert a new cause of action against the nondiverse defendant, all at considerable expense and delay to the parties and the state and federal courts involved.  Limiting the removal jurisdiction question to the claims in the state court complaint avoids that unacceptable result, and permits early resolution of which court has jurisdiction, so that the parties and the court can proceed with, and expeditiously conclude, the litigation.

*Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995); *see also Nelson v. Whirlpool Corp.*, 727 F. Supp. 2d 1294, 1305 (S.D. Ala. 2010) (concluding that "the post-removal assertion of a viable cause of action against a fraudulently joined defendant does not strip the Court of subject matter jurisdiction that existed at the time of removal").

The pleading at the time of removal was the First Amended Complaint, and as stated above, there is no reasonable possibility on that complaint that a state court would find a viable cause of action against HD Montgomery.  Furthermore, Plaintiff's post-removal assertion of a new theory of recovery against HD Montgomery, even if allowed, would not divest the court of the subject matter jurisdiction that existed at the

11

time of removal.  *Cavallini*, 44 F.3d at 264; *Nelson*, 727 F. Supp. 2d at 1305; *see also Smith v. Wynfield Dev. Co., Inc.*, 238 F. App'x 451, 455 (11th Cir. 2007) (stating that "events occurring after removal . . . do not oust the district court's jurisdiction") (collecting cases).

Furthermore, Plaintiff's citations to *Landrum v. Delta Int'l Mach. Corp.*, No. 1:08cv140WKW, 2008 WL 2326324 (M.D. Ala. June 3, 2008) and *Davis ex rel. Estate of Davis v. Gen. Motors Corp.*, 353 F. Supp. 2d 1203, 1208 (M.D. Ala. 2005) are unavailing.  In those cases, the court allowed post-removal amendments prior to the determination of the motion to remand, where the amendment merely "sought to *clarify* [existing] claims against an existing defendant." *Landrum*, 2008 WL 2326324, at *4 (emphasis added) (allowing plaintiff to amend complaint to correct the date of the accident and the resident defendant's form of business entity); *Davis*, 353 F. Supp. 2d at 1207 (allowing plaintiff to amend complaint against named resident defendant where plaintiff had intended to, but "simply omitted [stating the claim and factual basis for the claim] from the Complaint in error").  In this case, Plaintiff seeks neither to clarify an existing claim nor to correct a drafting error, but instead to insert an entirely new theory of recovery against the fraudulently joined Defendant, HD Montgomery.

The court will not consider Plaintiff's Motion to Remand on any complaint other than the First Amended Complaint, and Plaintiff's motion for leave to amend the complaint is due to be denied with leave to re-file, should Plaintiff desire to re-file.

## IV.  CONCLUSION

Accordingly, it is ORDERED:

(1)    Plaintiff's Motion to Remand (Doc. # 9) is DENIED;

(2)    Plaintiff's Motion for Leave to Amend Complaint (Doc. # 11) is DENIED with leave to re-file; and

(3)    Defendants' Motion for Hearing (Doc. # 19) is DENIED as moot.

DONE this 10th day of August, 2011.

/s/ W.  Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE