IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WILLIAM M. HENDERSON and, PAMELA STAFFORD, )<br>)<br>) | |
| Plaintiffs, ) | |
| ) | CASE NO. 3:11-CV-295-WKW |
| v. ) | [WO] |
| ) | |
| GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD., )<br>)<br>) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the court are two motions: (1) Plaintiffs' Omnibus Motion *in Limine* (Doc. # 209); and (2) Plaintiff Pamela Stafford's Motion *in Limine* (Doc. # 214). The motions are fully briefed. After careful consideration of the arguments of counsel, the appropriate law, and the allegations set forth in the amended complaint, the court finds that the motions are due to be granted in part, denied in part, and reserved in part.

**I.    Plaintiffs' Omnibus Motion *in Limine* (Doc. # 209)**

    **A.    Collateral Source Payments**

Ruling on this motion is deferred.

### B.  Expert Testimony of Mr. Scavuzzo

Plaintiffs object to "any reference to or evidence, testimony, or argument concerning any opinions or conclusions" rendered by Mr. Scavuzzo. (Doc. # 209 at 3.)  Plaintiffs argue that Defendant did not comply with the Court's Rule 26(f) Order based on Defendant's failure to properly identify Mr. Scavuzzo in their initial disclosures or during their depositions.  Plaintiffs allege that Mr. Scavuzzo did not provide a signed written report and that he has no opinions specific to this case.

Mr. Scavuzzo is an employee of Defendant and has not been retained as an expert in this case; therefore, he is not required to submit signed written reports.  Because Mr. Scavuzzo's circumstances relevant to this case do not meet the requirements set forth in Rule 26(a)(2)(B), Plaintiffs' motion to exclude expert evidence or testimony from him is denied.

### C.  Any Static or Dynamic Inflation Retention Tests Evidence by Defendant

Plaintiffs object to any evidence and testimony regarding Defendant's Inflation Retention test(s) because they are not relevant and will confuse the jury.  Defendant argues that "the purpose of the test was not to simulate the conditions of the accident, but rather, to demonstrate the scientific or physical principles concerning the function of different parts of tires with respect to air retention." (Doc. # 222 at 7–8.)  The court agrees with Plaintiffs.  The tests, which featured

drilling holes in the wheel rim, are not substantially similar to replicate the failures alleged in this case and will tend to confuse the jury. Accordingly, Plaintiffs' motion to exclude evidence or testimony relating to any static or dynamic inflation retention tests is granted.

### D. Evidence that Plaintiffs Exceeded the Gross Vehicle Weight

Plaintiffs argue that any reference or evidence that Plaintiffs exceeded the motorcycle's gross vehicle weight is irrelevant to their allegations that the tire failed due to manufacturing defects. Defendant argues that this information is relevant to show that Plaintiffs failed to exercise reasonable care at the time of the accident and will allow the jury to infer other potentially relevant characteristics surrounding or causes of the accident.

This case is about allegations surrounding a tire failure, not a motorcycle failure. Plaintiffs were overweight on the motorcycle weight limit but not on the tire weight limit. Thus, the court will exclude argument relating to overweight operation of the motorcycle, provided, however, that weight restrictions and weight capacities on the tires and the motorcycle are relevant to the factual background of the accident and may be put into evidence. Defendant is precluded, however, from arguing causation or contributory negligence arising out of these facts.

### E. Evidence of Henderson's Prior Arrest

Plaintiff Henderson argues that any evidence relating to his prior arrest for possession of marijuana over twenty years ago should be excluded because it is irrelevant. Defendant concedes that this arrest is not admissible evidence and thus, the motion is granted.

### F. Evidence of Henderson's Prior Motorcycle Accidents

Plaintiff Henderson argues that any evidence related to Mr. Henderson's prior motorcycle wrecks is not relevant to this case and will unfairly prejudice the jury. Defendant argues that such evidence is relevant "to show Mr. Henderson's pre-existing injuries, which are relevant to causation and damages elements of his claims in this litigation." (Doc. # 222 at 18.)

Plaintiff Henderson's motion is granted, except to rebut testimony by Plaintiff that he was a safe motorcycle operator generally, or that he has had no other motorcycle accidents.

## II. Plaintiff Pamela Stafford's Motion *in Limine* (Doc. # 214)

### A. Prior Lawsuits filed by Stafford

Ms. Stafford argues that any evidence relating to any prior lawsuits she has filed should be excluded because that information is not relevant and would unfairly prejudice the jury. Defendant concedes that such information is not relevant to the case and thus, the motion is granted.

### B.    Evidence relating to Stafford's Marijuana Use and ER Records

Ms. Stafford argues that any evidence and/or testimony relating to her use of marijuana or to the fact that she had marijuana in her urine at the time of the accident as well as the hospital records and/or drug screen reflecting the same is not admissible and would unfairly prejudice the jury.  Defendant argues this information is relevant to rebut testimony pertaining to lifestyle and quality of life before the accident, among other things.

The court will reserve ruling on this issue until proof is actually offered, in order to determine relevance and balance the consideration of undue prejudice. Defendant is precluded from mentioning the matter during opening statements.

### C.    Evidence of Stafford's Prior Convictions

Plaintiff Stafford argues that any reference or evidence to any prior arrests or convictions of Stafford is not relevant to the case and would unfairly prejudice the jury.  Defendant argues that it is not aware of any prior convictions of Ms. Stafford and that Ms. Stafford testified at deposition that she did not have any.  If there is a conviction, then it will be admissible to impeach Stafford's credibility based on her previous deposition testimony.

The court will reserve ruling on this issue until proof is actually offered, in order to determine relevance and balance the consideration of undue prejudice. Defendant is precluded from mentioning the matter during opening statements.

DONE this 27th day of November, 2013.

                                          /s/ W. Keith Watkins
                                 CHIEF UNITED STATES DISTRICT JUDGE